IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KIARI SWAIN, #312546                        *
         Plaintiff,
   v.                                              *   CIVIL ACTION NO. DKC-11-3516

LAURA BOOTH-MOULDEN                         *
         Defendant.
                            *****

**MEMORANDUM OPINION**

    Kiari Swain ("Swain") is a Maryland Division of Correction inmate housed at the North Branch Correctional Institution ("NBCI"). He filed this lawsuit against Laura Booth-Moulden,[1] a Mental Health Professional Counselor at NBCI, alleging that she did nothing to prevent him from setting himself on fire in November of 2010, after he told her "he was feeling suicidal." He further complains that he tried to commit suicide on several different occasions, but Booth-Moulden has accused him of "showing extreme manipulative behavior" and has failed to have him assessed by a certified psychologist or moved to an institution "more conducive to his mental health needs." (ECF No. 1). Swain seeks declaratory and injunctive relief as well as compensatory and punitive damages against Booth-Moulden.

    On February 13, 2012, Swain filed a verified court-ordered Supplemental Complaint. (ECF No. 5). He claims that in the beginning of November of 2010, he began smearing feces over himself and his cell and threatening staff. (*Id*.). He asserts that he received a follow-up assessment from Booth-Moulden on November 15, 2010. After informing her that he was hearing voices telling him to set himself on fire, Swain contend that Booth-Moulden responded by telling him he was "showing extreme manipulative behavior to gain attention" and that the individual behavioral management plan ("BMP") was a way to help with his calculating behavior. Swain additionally claims that on

---

[1]     The Clerk shall amend the docket to reflect Defendant's proper surname.

November 19, 2010, he again saw Defendant and told her he was going to kill himself by setting his cell on fire and that voices were making him do it. (ECF No. 5). He asserts that Booth-Moulden questioned him further, wished him "good luck," and informed him that " your [sic] not suicidal and your [sic] not hearing voices but your [sic] being very manipulative." Swain claims he was sent back to his cell and after feed-up was finished he set himself and his cell on fire. (*Id.*).

On July 6, 2012, Defendant filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment which has been treated as a motion for summary judgment. (ECF No. 31). Although the Court provided Plaintiff *Roseboro*[2] notice of the dispositive filing, as of the within signature date he has not filed a response to the summary judgment motion. The undersigned has examined the record and finds that no hearing is necessary. *See* Local Rule 105.6. (D. Md. July, 2011). For reasons to follow, Defendant's motion will be granted.

Fed. R. Civ. P. 56(a) provides that:

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing

---

[2] On July 9, 2012, the Clerk sent Swain a letter informing him that Defendant had filed a summary judgment motion and that he was entitled to file opposition material or risk dismissal of his case. The letter notice was sent in conformance with the requirements of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).  "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

It is undisputed that Swain is housed at NBCI, where on November 19, 2010, he set the bed in his segregation cell on fire and burnt a large whole in his mattress, leaving a bulky mass of cooked bedding.  He was seen by a prison nurse, but did not complain of shortness of breath or difficulty breathing.  The record demonstrates that Swain did not experience any serious injuries, but did state that he had a cough.  He was treated for smoke exposure and sent back to housing. (ECF No. 31 at Exs. 3 & 4).  After the fire, Defendant put Swain on suicide watch because she believed he was willing to harm himself in an attempt to prove himself correct regarding his comments that he was going to harm himself.  (*Id*. at Ex. 6).  He was discontinued from suicide precautions three days later after agreeing to an incentive plan and signing a safety contract.  (*Id*. at Ex. 6).  Swain was found guilty of two rule infractions and received a cumulative 210 days on segregation.  (*Id*.  at Ex.

3). Less than one month later Swain was seen on a sick call. He voiced no medical complaints and his vital signs were normal. (*Id*. at Ex. 4).

Defendant affirms that she never denied Swain psychological treatment and maintains that he receives psychopharmalogical treatment through psychiatry and psychotherapy/crisis intervention treatment through the Psychology Department at NBCI. (ECF No. 31 at Ex. 5, Moulden Decl.). The record shows that he has been seen by mental health professionals on multiple occasions, particularly by Defendant, and that he consistently refused his Celexa,[3] Haldol,[4] and Benadryl medications. (*Id*. at No. 6). He was not found to be suicidal. Mental Health personnel did, however, diagnose him with Depression, Disturbance, and an Antisocial Personality Disorder. Further, mental health personnel found him to exhibit: (1) manipulative behavior to get what he wants; and (2) traits consistent with Narcissistic Personality Disorder. Swain was removed from the BMP program about one week before he set his bed on fire after he consistently exhibited inappropriate behavior such as threatening staff and smearing feces. (*Id*.)

An inmate has a constitutional right to be free from deliberate indifference to serious psychiatric needs. *See Estate of Miller, ex rel. Bertram v. Tobiasz,* 680 F.3d 984, 989-90 (7th Cir. 2012); *Comstock v. McCray*, 273 F.3d 693, 702 (6th Cir. 2001). "[I]t is established that psychiatric needs can constitute serious medical needs and that the quality of psychiatric care one receives can be so substantial a deviation from accepted standards as to evidence deliberate indifference to those

---

[3] Celexa or Citalopram is used to treat depression. Citalopram is in a class of antidepressants called selective serotonin reuptake inhibitors (SSRIs). www.nlm.nih.gov

[4] Haldol or Haloperidol is used to treat psychotic disorders (conditions that cause difficulty telling the difference between things or ideas that are real and things or ideas that are not real). www.nlm.nih.gov.

4

serious psychiatric needs." *Steele v. Shah,* 87 F.3d 1266, 1269 (11th Cir. 1996). There is no underlying distinction between the right to medical care for physical ills and its psychological and psychiatric counterpart. *See Bowring v. Goodwin*, 551 F.2d 44, 47 (4th Cir. 1977). An inmate is entitled to such treatment if a "[p]hysician or other health care provider, exercising ordinary skill and care at the time of the observation, concludes with reasonable certainty (1) that the prisoner's symptoms evidence a serious disease or injury; (2) that such disease or injury is curable or may be substantially alleviated; and (3) that the potential for harm to the prisoner by reason of delay or the denial of care would be substantial." *Id*. The *Bowring* court further concluded that the aforementioned right to such treatment is based upon the essential test of medical necessity and not upon that care considered merely desirable. *Id*. at 48. As previously noted, even if the inmate shows that he was denied psychological or psychiatric treatment, he must also demonstrate that the failure or refusal to provide treatment constituted deliberate indifference on behalf of medical personnel.

Swain has been called upon to rebut Defendant's Declarations and materials with his own verified documents to establish a genuine dispute of material fact. This he has failed to so do. Assuming, without deciding, that he has shown a serious need for psychological and psychiatric treatment, the record is clear that Swain received on-going mental health support at NBCI from Defendant and physicians in the Psychiatry Department. Defendant provided mental health counseling to Swain at regularly scheduled monthly meetings and as needed for crisis intervention. While Swain may disagree with Defendant over the form and appropriateness of his mental health treatment, he has failed to demonstrate that she acted with deliberate indifference to his serious mental health needs.

For the aforementioned reasons, Defendant's court-construed motion for summary judgment shall be granted.   A separate Order follows.


Date:   September 25, 2012                       /s/
                                      DEBORAH K. CHASANOW
                                      United States District Judge